CHARLES J. FLEISHMAN
Bar# 46405
A Professional Corporation
8383 Wilshire Blvd., Suite 1030
Beverly Hills, California 90211-2495
erisa@erisarights.com
Telephone: (323) 653-9772
FAX: (323) 852-0871

Attorney for Plaintiff
Marie Chellino


SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL   (Bar No. 99802)
MICHAEL N. WESTHEIMER   (Bar No. 178938)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email: rebecca.hull@sdma.com
       michael.westheimer@sdma.com

Attorneys for Defendant
Kaiser Foundation Health Plan, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO,<br><br>    Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC, a corporation; DOES 1 through 10, inclusive,<br><br>    Defendants. | NO. C07-3019 CRB<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:   Oct 5, 2007<br>Time:  1:30 p.m.<br>Courtroom 8<br>Judge: Hon. Charles R. Breyer |

Plaintiff Marie Chellino and Defendant Kaiser Foundation Health Plan, Inc. submit the following Joint Case Management Conference Statement pursuant to Local Rule 16-9.

1. <u>Jurisdiction and Service</u>: This court has subject matter jurisdiction of this dispute, which arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*,

without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1). The plan administrator (Defendant Kaiser Foundation Health Plan, Inc.) has been served. The complaint has just been amended to name Doe 1 with the correct name of the plan and the plan was served by mailing a copy of the amended complaint to Defendant's counsel on September 24, 2007.

2. <u>Facts</u>: This is an ERISA disability case. The plaintiff was employed by Kaiser Foundation Hospitals. She filed a claim for long term disability ("LTD") benefits under the Plan, which was initially approved and she received benefits under the Plan for several years. On August 31, 2006, the plaintiff was notified of the decision by the claim administrator to terminate her LTD benefits under the Plan. Plaintiff timely appealed the termination of benefits. The termination of Plan benefits was upheld by the claim administrator on appeal review and communicated to plaintiff on February 27, 2007.

3. <u>Legal Issues</u>: The correct standard of review to be used by the Court in reviewing the decision to terminate the benefits and whether that decision should be overturned.

4. Motions

There are no pending motions. Defendant intends to file a motion for summary judgment, and plaintiff may also file a cross-motion for summary judgment.

Plaintiff contemplates that there may be motions with regard to discovery. Defendant contends that discovery should not be permitted in this ERISA action.

5. Amending the Pleadings

Plaintiff proposes a late January 2008 date as a cut-off date for amending the pleadings. Defendant contends that there is no basis for further amendment of the pleadings.

6. Evidence Preservation

Plaintiff contends that the evidence is limited to the administrative record compiled by the defendants, material that it may turn out should have been a part of the administrative record, and evidence regarding the defendant's possible conflict of interest per <u>Abatie v. Alta Health</u> 458 F.3d 955 (9th Cir. 2006).

Defendant contends that the evidence is limited to the administrative record pertaining to the termination of Plaintiff's claim for Plan benefits.

SF/1446126v1

-2-

7. <u>The defendant will produce the administrative record prior to the Case Management Conference.</u>

8. <u>Discovery</u>

Plaintiff contends that she has served her first set of interrogatories on the plan administrator defendant, and the defendant has not yet responded.

Defendant contends that Plaintiff served premature and unauthorized interrogatories in this ERISA action, and that discovery should not be permitted beyond the production of the administrative record in initial disclosures.

9. <u>Relief</u>

The plaintiff seeks the unpaid monthly benefits with interest, reinstatement to the plan, and attorney fees and costs.

Defendant currently makes no claim for relief, but reserves the right to seek recovery of costs, as well as attorney's fees pursuant 29 U.S.C. § 1132.

10. <u>Settlement and ADR</u>:  The parties have agreed to mediation through the Court's ADR Program.

11. <u>Consent to Magistrate Judge</u>:  Defendant respectfully declines to consent to assignment of this matter to a magistrate judge.

12. <u>Expedited Schedule</u>:  Since this is an ERISA case, there is no jury trial.  There will be no live witnesses and most, if not all, of the evidence will be contained in the administrative record. The matter can be handled either on cross-motions for summary judgment or simultaneously filed trial briefs and reply briefs.  There is no need for a pre-trial conference or pre-trial order.

13. <u>Scheduling</u>:  The parties suggest that there is no need for a pre-trial conference nor a designation of experts.

Plaintiff contends that the discovery cutoff should be in early January 2008, and defendant contends that discovery should not be permitted in this ERISA action.  Plaintiff proposes a trial date in February 2008.

Defendant proposes filing cross-motions for summary judgment and a hearing in late-February 2008.

14. Trial

Plaintiff proposes that the matter should be tried on the administrative record and such other evidence that may be admissible regarding the defendant's possible conflict of interest and, if the standard of review is found to be de novo, such additional evidence that the Court may accept.

Defendant proposes that the matter should be resolved either on cross-motions for summary judgment or a bench trial on the administrative record, and that evidence outside the administrative record is not warranted or appropriate.

15. <u>Disclosure of Non-party Entities or Persons</u>:  This matter was originally filed in the Central District of California.  In addition to the named parties, other interested non-party entities or persons include Aetna Life Insurance Company.

DATED: September 28, 2007            CHARLES J. FLEISHMAN


By:   /s/
      Charles J. Fleishman
      Attorneys for Plaintiff, Marie Chellino


DATED: September 28, 2007            SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:   /s/
      Michael N. Westheimer
      Attorneys for Defendant. Kaiser Foundation
      Health Plan, Inc.



SF/1446126v1