SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
MICHAEL N. WESTHEIMER  Bar No. 178938
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., and Kaiser
Permanente Welfare Benefit Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., AND DOES 1-10,<br><br>Defendant. | CASE NO. C 07-03019 CRB<br><br>ANSWER OF DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC., AND KAISER PERMANENTE WELFARE BENEFIT PLAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

Defendants Kaiser Foundation Health Plan, Inc. (hereafter, "KFHP") and Kaiser Permanente Welfare Benefit Plan (hereafter, the "Plan") (collectively, "Defendants") respond to first Amended Complaint (hereafter "complaint") filed by Plaintiff Marie Chellino (hereafter "Plaintiff") as follows:

1.  In response to paragraph 1 of the complaint, Defendants admit that the Court has subject matter jurisdiction over this action, which arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Any remaining factual allegations in paragraph 1 of the complaint are denied.

2.  In response to paragraph 2 of the complaint, Defendants admit that the Plan is organized under and governed by ERISA, that the Plan provides long term disability ("LTD") benefits to eligible participants who are "totally disabled" as that term is defined in the Plan

documents, that at certain relevant times Plaintiff was a participant in the Plan, that at certain relevant times Plaintiff received benefits under the Plan including LTD and other benefits, and that the Plan Administrator is KFHP. Any remaining factual allegations in paragraph 2 of the complaint are denied, and Defendants expressly deny that Plaintiff is entitled to any benefits or other relief she seeks in this action.

3. The allegations in paragraph 3 of the complaint state legal conclusions to which no response is required, but to the extent they are deemed factual in nature, Defendants admit that KFHP may be found within this district. Any remaining factual allegations in paragraph 3 of the complaint are denied.

4. In response to paragraph 4 of the complaint, Defendants lack sufficient information to form a belief as to the location where Plaintiff resides currently and at all times mentioned in the complaint, and deny the allegations on that basis. However, Defendants are informed and believe, and thereon allege, that at certain relevant times Plaintiff resided in the County of Contra Costa, State of California.

5. Defendants lack sufficient information to form a belief as to the allegations in paragraph 5 of the complaint, and deny the allegations on that basis.

6. The allegations in paragraph 6 of the complaint state legal conclusions to which no response is required, but to the extent they are deemed factual, Defendants deny them.

7. In response to paragraph 7 of the complaint, Defendants admit that Plaintiff was previously employed by Kaiser Foundation Hospitals, that she was a participant in the Plan by virtue of her employment, that she submitted a claim for LTD benefits under the Plan in which she claimed to be disabled commencing June 26, 1996, that the Plan provides LTD benefits to eligible participants who are "totally disabled" as that term is defined in the Plan documents, and that at certain relevant times Plaintiff received LTD benefits under the Plan. Any remaining factual allegations in paragraph 7 of the complaint are denied, and Defendants expressly deny that Plaintiff is entitled to any benefits or other relief she seeks in this action.

8. In response to paragraph 8 of the complaint, Defendants admit that Plaintiff was notified by the claim administrator by letter dated August 31, 2006, of the determination to

terminate her LTD benefits under the Plan, that Plaintiff subsequently appealed the termination of her LTD benefits under the Plan, and that Plaintiff was notified by the claim administrator by letter dated February 27, 2007 that, following an appeal review, the determination to terminate her LTD benefits under the Plan was upheld. Any remaining factual allegations in paragraph 8 of the complaint are denied.

9. The allegations in paragraph 9 of the complaint are denied, and Defendants expressly deny that Plaintiff is entitled to any benefits, interest or other relief she seeks in this action.

10. The allegations in paragraph 10 of the complaint are denied, and Defendants expressly deny that Plaintiff is entitled to any benefits, attorneys' fees or other relief she seeks in this action.

11. The allegations in paragraph 11 of the complaint state legal conclusions to which no response is required, but to the extent they are deemed factual, Defendants deny them and expressly deny that Plaintiff is entitled to any benefits or other relief she seeks in this action.

12. In response to Plaintiff's prayer for relief, Defendants expressly deny that Plaintiff is or may be entitled to attorneys' fees or to any other form of relief, or to any remedy of any type or in any amount with regard to any matters set forth in the complaint, and further deny that there is any factual or legal basis on which any dispute between Plaintiff and Defendants could or should be resolved in favor of Plaintiff.

13. Defendants deny any and all factual allegations set forth in the complaint except as expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims, and each of them, are barred by applicable statute(s) of limitation.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which attorneys' fees can be awarded.

///

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' actions with respect to the matters alleged in the complaint, if any such actions were taken, were at all times done in good faith and for proper reasons.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the fact that any decisions made by the Plan or by others on behalf of the Plan were not arbitrary or capricious but rather were reasonable in light of the evidence submitted by Plaintiff and the complete administrative record, and were reasonably based on the facts as determined and understood by them and on the terms and conditions of the applicable Plan documents and applicable law.

**NINTH AFFIRMATIVE DEFENSE**

All of the actions of Defendants regarding the matters alleged in the complaint, if any, were permitted and/or were required by applicable law and the terms of the operative Plan documents.

**TENTH AFFIRMATIVE DEFENSE**

Other than the termination of Plaintiff's claim for LTD benefits described in paragraphs 7 and 8 above, Plaintiff's claims are barred because she has failed to fully exhaust available, mandatory administrative remedies and/or grievance procedures applicable to disputes such as those described in the complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

None of the claims being pursued in the complaint is payable under the terms and conditions of the applicable Plan documents.

///

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the applicable Plan documents, and for that reason the claims attempted to be stated in the complaint are not payable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any payment of benefits, which Defendants deny, then such payment must be reduced and offset by other income and benefits, as defined in the applicable Plan documents, that were or may be payable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is barred in whole or in part due to Plaintiff's own delay or failure to timely disclose or provide information pertaining to the allegations in the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are governed exclusively by ERISA, and all remedies to which she may be entitled, if any, which Defendants deny, are limited to those provided under ERISA. Any state law claims, and any claims for compensatory, punitive or other extra-contractual damages that Plaintiff may be deemed to have asserted or may in the future attempt to assert with regard to the allegations in the complaint are preempted by ERISA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted against KFHP, the Plan Administrator.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If any Plan benefits are recoverable, which Defendants deny, all payments of such benefits are and in the future will be subject to all of the terms, conditions and limitations of the Plan documents.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff were to be found to be entitled to benefits at this time, which Defendants deny, such a finding could not resolve the issue of whether in the future Plaintiff would continue to be entitled to benefits, given, *inter alia*, the possibility that she may recover in

the future from any disabling conditions (the existence of which is denied by Defendants), as well as the effect of other potentially applicable Plan requirements, exclusions and/or limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

All determinations with respect to Plaintiff's claim were made in the interest of all Plan participants and beneficiaries as a whole, were in accordance with the terms and conditions of the Plan documents and applicable law, were reasonably based on the complete administrative record, and were not arbitrary or capricious.

### TWENTIETH AFFIRMATIVE DEFENSE

The complaint fails to set out Plaintiff's claims with sufficient particularity to permit Defendants to raise all potentially appropriate defenses, and Defendants therefore reserve the right to add further defenses as the bases for the purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for relief as follows:

1. That Plaintiff take nothing by way of the complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendants be awarded their attorneys' fees and costs of suit incurred in this action under 29 U.S.C. § 1132; and

4. For such other and further relief as the Court deems just and proper.

DATED: October 11, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Rebecca A. Hull
Michael N. Westheimer
Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., and Kaiser Permanente Welfare Benefit Plan