CHARLES J. FLEISHMAN
Bar# 46405
A Professional Corporation
19839 Nordhoff Street
Northridge, California 91324
erisa@erisarights.com
Telephone: (818) 350-6285
FAX: (818) 350-6272
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO | NO. C07-3019 CRB |
| Plaintiff, | STATEMENT OF PROCEEDINGS FRAP 10(c) |
| vs. | |
| KAISER FOUNDATION HEALTH PLAN, Inc a corporation; DOES 1 through 10, inclusive, | |
| Defendants. | |

On October 5, 2007, the trial court held an initial case management conference. At that time the trial judge ordered that there should be no discovery until after motions for summary judgment were heard.

Charles J. Fleishman
Attorney for Plaintiff

1

# CHARLES J. FLEISHMAN

*Lawyer*
*a professional corporation*
*19839 Nordhoff St.*
*Northridge, CA 91324*
*telephone (818)350-6285; fax (818)350-6272*
*erisa@erisarights.com*

June 13, 2008

Rebecca Hull
SEDGWICK, DETERT, MORAN et al.
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Re:  Chellino v. Kaiser

Dear Ms. Hull:

Enclosed herewith is a proposed Statement of Proceedings regarding the judge's order putting off discovery until after motions for summary judgment would be heard. There was no court reported at the initial case management conference and the court's minute orders do not reflect the order. Under FRAP 10(c) you have 10 days to serve objections or propose amendments.

If you wish to discuss this matter further, please call me. Mr. Westheimer was present at the conference. You may wish to contact him.

Very truly yours,


Charles J. Fleishman
enc.

SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., and Kaiser
Permanente Welfare Benefit Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., AND DOES 1-10,<br><br>Defendant. | CASE NO. C 07-03019 CRB<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED STATEMENT OF PROCEEDINGS [FRAP 10]** |

Defendants Kaiser Foundation Health Plan, Inc. ("KFHP") and Kaiser Permanente Welfare Benefit Plan ("Plan") object to plaintiff Marie Chellino's proposed statement of proceedings ("proposed statement") served on June 13, 2008. Plaintiff's proposed statement is not an accurate reflection of the proceedings in question, and should be rejected by the Court.

Plaintiff's proposed statement asserts that at the October 5, 2007, case management conference, the Court "ordered" that no discovery could take place until after summary judgment motions had been heard. There is in fact no such "order" in the record. Presumably, plaintiff wishes to argue to the Ninth Circuit (to which she has appealed from the judgment entered against her) that she was improperly precluded from conducting discovery.

Plaintiff's characterization of the October 5, 2007, proceeding must be rejected. As the Court will recall, the subject of discovery arose because plaintiff had served some discovery

-1-   CASE NO. C 07-03019 CRB
DEFENDANTS' OBJECTION TO PROPOSED STATEMENT OF PROCEEDINGS

1  prematurely, in advance of the early meeting of counsel required by Rule 26 of the Federal Rules
2  of Civil Procedure. As such, the parties reached an understanding that the discovery that had
3  been served was ineffective; this issue was discussed in the parties' joint CMC statement.
4      At the CMC, plaintiff's counsel argued that discovery should be freely allowed, and the
5  Court disagreed. The Court did not, however, "order" that "no discovery" was allowed prior to
6  the summary judgment motion hearing. Rather, the Court advised plaintiff's counsel that he
7  should first review the administrative record (which had just been provided to him) and that the
8  parties then should try to work out any differences they might have with regard to discovery, if
9  plaintiff continued to believe that discovery would be appropriate.[1]
10      Defendants object to the proposed "statement of proceedings" for the further reason that
11  the provisions of Fed. R. App. Pro. 10(c) do not appear applicable to failure of the Court to
12  reduce an alleged order to writing. Rather, it appears that 10(c) provides for a "statement of the
13  *evidence*" when there is no transcript. Plaintiff has not indicated whether she has tried to obtain a
14  transcript of the CMC, which would answer any question she might have. In any case, however,
15  Rule 10(c) applies to an absence of documentation regarding "evidence," and plaintiff's proposed
16  "statement of proceedings" has nothing to do with "evidence." Defendants contend that Rule
17  10(c) does not authorize creation of orders after the fact, when no order in fact was issued.
18      For the reasons set forth above, defendants object to plaintiff's characterization of the
19  proceedings held on October 5, 2007.
20
21  DATED: June 23, 2008    SEDGWICK, DETERT, MORAN & ARNOLD LLP
22
23  By: /s/ Rebecca A. Hull
    Rebecca A. Hull
24      Attorneys for Defendants
    Kaiser Foundation Health Plan, Inc., and Kaiser
25      Permanente Welfare Benefit Plan

---

26  [1] Plaintiff's summary judgment motion ultimately pointed to no issue on which discovery assertedly was needed. Her opposition to defendants' summary judgment motion, at page 4 n. 1,
27  stated that the Court had "ordered that there be no discovery until after the summary judgment motions are heard" but went on to suggest that such discovery would be needed only *if* the Court
28  wished to see "more evidence" regarding the alleged bias of the reviewing doctors.

-2-    CASE NO. C 07-03019 CRB
DEFENDANTS' OBJECTION TO PROPOSED STATEMENT OF PROCEEDINGS

CHARLES J. FLEISHMAN
Bar# 46405
A Professional Corporation
19839 Nordhoff Street
Northridge, California 91324
erisa@erisarights.com
Telephone: (818) 350-6285
FAX: (818) 350-6272
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO | NO. C07-3019 CRB |
| Plaintiff, | DECLARATION OF CHARLES FLEISHMAN RE STATEMENT |
| vs. | OF PROCEEDINGS (FRAP 10c) |
| KAISER FOUNDATION HEALTH PLAN, Inc a corporation; DOES 1 through 10, inclusive, | Judge Charles R. Breyer |
| Defendants. | |

## DECLARATION OF CHARLES J. FLEISHMAN

I, Charles J. Fleishman, declare as follows:

1. I am an attorney licensed to practice law before all the courts of this state and am the attorney of record for the plaintiff in the present action.

2. I appeared at the CMC. Appearing for the defendant at the CMC was Michael Westheimer alone. I spoke with him on the telephone on June 24, 2008 at which time he told me that he had no recollection of the events of the CMC. Rebecca Hull was not present at the CMC.

3. At the CMC, the court told the parties to do nothing further with regard to discovery until after summary judgment motions were heard. There appears to be no written record of this.

1

4. I attempted to order a transcript of the CMC for the record on appeal but was told that there was no court reported present and that there is no recording of the proceeding.

5. The defendant has objected to the plaintiff's proposed Statement of Proceeding (FRAP 10(c)) on the grounds that there is no order in the record telling the parties to refrain from discovery until after summary judgments are heard. It is because there is no written order in the record that there is a need to supplement the record. If the fact that no record of an event exists were a valid objection to supplementing the record under FRAP 10c, FRAP 10c would be superfluous.

6. The defendant's objection to the proposed Statement of Proceeding states that I argued that discovery should be "freely allowed." I never argued such a thing in this ERISA case. I don't remember any significant discussions at the CMC regarding discover at all. All I remember is the Court's telling the parties to wait until after summary judgment motions before doing discovery. The Joint Case Management Statement makes it clear that the only evidence that the plaintiff was seeking outside of the administrative record was evidence regarding defendant's possible conflict of interest. See paragraph 6 of the Joint Case Management Statement. Further, since the only representative of the defendant present at the CMC has no memory of the details of that hearing, the defendant's claim that I argued that discovery should be "freely allowed" can be best described as fantasy.

7. The defendant claims in its objection that the plaintiff's interrogatories, served before the CMC, were agreed by the parties to have been ineffective. This is not true. The parties agreed that the interrogatories would "be deemed served on the date that the parties conduct the early meeting of counsel pursuant to FRCP 26(f), and that the due date for defendant to serve responses is 30 days after that date." Exhibit 1. The defendant never served responses, neither answers nor objections, and the plaintiff never filed a motion to compel answers. This is

because both sides heard and followed the Court's admonition to refrain from discovery until after summary judgment motions were heard.

8. Defendant writes, in its objection, that "Plaintiff's summary judgment motion ultimately pointed to no issue on which discovery assertedly was needed." This statement ignores footnote 1 of the plaintiff's Opposition to [Defendant's] Motion for Summary Judgment where, in response to a claim that the plaintiff had presented no evidence of the defendant's doctors' bias, plaintiff wrote, "The court has ordered that there be no discovery until after motions for summary judgment are heard. If the court feels that more evidence is required regarding the bias of Aetna's doctors, discovery in the form of depositions should be allowed."

9. Finally, defendants object on the grounds that FRAP 10c only applies to "evidence" and the proposed Statement of Proceeding does not seek to add evidence to the record on appeal. A reading of the statute shows that it apples to "evidence or proceedings."

I declare under penalty of perjury that the foregoing is true and correct. Executed this June 30, 2008 at Northridge, California.

Charles J. Fleishman

3



# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

July 30, 2007

VIA FACSIMILE, CONFIRMED BY U.S. MAIL

Charles J. Fleishman
8383 Wilshire Blvd., Suite 1030
Beverly Hills, California 90211-2495

Re:   *Marie Chellino v. Kaiser Foundation Health Plan, Inc.*
      U.S. District Court, Northern District of California, Case No. C-07-03019 CRB
      Our File No.: 322-8087

Dear Mr. Fleishman:

In our teleconference on Friday, July 27, 2007, regarding the interrogatories that plaintiff served in the above-referenced action, we discussed that the discovery is objectionable under FRCP 26(d) because the parties have not yet conducted the early meeting of counsel required by FRCP 26(f). This will confirm our agreement during the teleconference that plaintiff's interrogatories shall be deemed served on the date that the parties conduct the early meeting of counsel pursuant to FRCP 26(f), and that the due date for defendant to serve responses is 30 days after that date.

Thank you for your courtesy in this matter.

Regards,

Michael N. Westheimer
Sedgwick, Detert, Moran & Arnold LLP

MNW/mmm

SF/1433141v1

New York • London • San Francisco • Zurich • Los Angeles • Paris • Newark • Orange County • Chicago • Dallas