SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., and Kaiser
Permanente Welfare Benefit Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO,<br><br>   Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., AND DOES 1-10,<br><br>   Defendant. | CASE NO. C 07-03019 CRB<br><br>**DECLARATION OF REBECCA A. HULL IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED STATEMENT OF PROCEEDINGS [FRAP 10]** |

I, Rebecca A. Hull, declare:

1.   I am attorney admitted to practice before this Court and before all the courts of the State of California. I am a member of the law firm of Sedgwick, Detert, Moran & Arnold, LLP, counsel of record for defendants Kaiser Foundation Health Plan, Inc. ("KFHP") and Kaiser Permanente Welfare Benefit Plan ("Plan"). The statements made herein are within my personal knowledge.

2.   I have reviewed the documents filed on June 30, 2008, by plaintiff with regard to a proposed "Statement of Proceedings." While the Declaration of Charles Fleishman attaches certain documents, including Defendants' Objections to Plaintiff's Proposed Statement of Proceedings, it omits the letter from defense counsel that accompanied the Objections as sent to plaintiff's counsel. A true and correct copy of that letter, dated June 23, 2008, which I wrote, is

-1-     CASE NO. C 07-03019 CRB
DECLARATION OF REBECCA A. HULL IN OPP. TO PROPOSED STMT OF PROCEEDINGS

1 | attached hereto as Exhibit 1.

2 |     3.    As my June 23, 2008, letter reflects, I spoke several times with Michael Westheimer, the defense attorney who attended the October 5, 2007, case management conference, before preparing the objections. In addition, I reviewed the file on this matter and in particular I reviewed Mr. Westheimer's contemporaneous memorandum regarding the CMC. I asked Mr. Westheimer, before preparing the objections, whether the memorandum was at the time the product of his best effort to accurately report on the proceedings, and he informed me that it was. The relevant portion of Mr. Westheimer's report (the balance of which is in my opinion privileged for multiple reasons, including attorney work product), which is the basis on which I formulated the objections, reads:

> I attended the CMC this afternoon in the Marie Chellino matter. Charles Fleishman attended on behalf of plaintiff. Judge Breyer rejected Fleishman's argument that he is automatically entitled to conduct discovery, and said the parties should try to work out any discovery issues by agreement.
>
> Fleishman pointed out that [plaintiff] already has served interrogatories and asked if they should be held in abeyance, and Judge Breyer said yes. Judge Breyer said he is not ruling out the possibility of discovery, but observed that 80 to 90% of his ERISA cases are decided solely on the administrative record. Judge Breyer said that Fleishman should review the administrative record, and if there are any areas of disagreement he should try to work it out with defense counsel.

Should the Court feel it is necessary to review the complete document *in camera* in order to assess it, I will produce it for such review but I object to its production to plaintiff's counsel.

    4.    I spoke with Mr. Westheimer again after providing Defendants' Objections to plaintiff's counsel, and forwarded to him the Objections and the letter of June 23, 2008. He confirmed to me that the letter and Objections accurately reflect what occurred, and that while he does not have a detailed current recollection of the CMC he can confirm that his contemporaneous report about it was accurate when written.

_____
Rebecca A. Hull

# EXHIBIT 1

Case 3:07-cv-03019-CRB     Document 40     Filed 07/01/2008     Page 3 of 7



One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

June 23, 2008

**VIA FACSIMILE**

Charles J. Fleishman
19839 Nordhoff St.
Northridge, California 91324

Re: Chellino v. Kaiser Foundation Health Plan, et al. – plaintiff's proposed "Statement of Proceedings"

Dear Mr. Fleishman:

Enclosed with this letter is my clients' objection to the proposed "Statement of Proceedings" we received from you. In addition to consulting our file notes regarding the conference held on October 5, 2007, I also have spoken with Michael Westheimer.

Based on those sources, I conclude that your position is substantially erroneous and our clients cannot agree to it. The error seems to have arisen because, although it is true that you brought up the subject of discovery (having prematurely served standard insurance bad faith discovery in advance of the parties' Rule 26 meeting), the discussion with the Court did not result in an "order" that no discovery could be conducted prior to the hearing on the MSJs. Rather, the discussion was about the fact that you had not even seen the administrative record and therefore had no way of knowing – as of the date of the conference – whether you had a basis for seeking discovery or whether any questions would be answered by the record itself.

Judge Breyer instructed that you should review the administrative record that had just been produced to you, and that the parties then should discuss any issues that seemed to be presented and try to work out whether there would be discovery and, if so, on what subjects. As you know, however, you did not raise any issues about possible discovery after the CMC, nor did your MSJ (or opposition to our clients' MSJ) raise any issue about a need for discovery prior to resolution of the parties' cross-motions. Judge Breyer also expressed some doubt that it would be necessary for there to be discovery, remarking that the substantial majority of the ERISA cases he hears do not involve discovery.

SF/1519419v1

Austin • Bermuda* • Chicago • Dallas • Houston • London • Los Angeles • New York • Newark • Orange County • Paris • San Francisco • Zurich

*Affiliated office

Charles J. Fleishman
Re:  Chellino v. Kaiser Foundation Health Plan, et al. – plaintiff's proposed "Statement of Proceedings"
June 23, 2008
Page 2

What Judge Breyer did not do, however, was to "order" that no discovery could take place until after the MSJ hearings. Consequently, we object to your client's propose "Statement of Proceedings," because it does not reflect what actually occurred at the CMC in connection with the issue of discovery.

We object on the further ground that the provisions of Fed. R. App. Pro. 10(c) do not appear applicable to the alleged failure of the Court to reduce an alleged order to writing. Rather, it appears that 10(c) provides for a "statement of the *evidence*" when there is no transcript. It is not clear to me whether there was a transcript of the CMC; if there was, then you should order it. In any event, what you propose to submit has nothing to do with "evidence." We do not think 10(c) permits the creation of alleged "orders" after the fact, when no order in fact was issued.

My reading of the applicable Rule of Appellate Procedure is that in the event you determine that you will file your proposed statement, you are also to file our objections to it. Please advise if you do not agree.

Very truly yours,

Rebecca A. Hull
Sedgwick, Detert, Moran & Arnold LLP

RAH/rah

SF/1519419v1

SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Foundation Health Plan, Inc., and Kaiser
Permanente Welfare Benefit Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., AND DOES 1-10,<br><br>　　　　Defendant. | CASE NO. C 07-03019 CRB<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED STATEMENT OF PROCEEDINGS [FRAP 10]** |

Defendants Kaiser Foundation Health Plan, Inc. ("KFHP") and Kaiser Permanente Welfare Benefit Plan ("Plan") object to plaintiff Marie Chellino's proposed statement of proceedings ("proposed statement") served on June 13, 2008. Plaintiff's proposed statement is not an accurate reflection of the proceedings in question, and should be rejected by the Court.

Plaintiff's proposed statement asserts that at the October 5, 2007, case management conference, the Court "ordered" that no discovery could take place until after summary judgment motions had been heard. There is in fact no such "order" in the record. Presumably, plaintiff wishes to argue to the Ninth Circuit (to which she has appealed from the judgment entered against her) that she was improperly precluded from conducting discovery.

Plaintiff's characterization of the October 5, 2007, proceeding must be rejected. As the Court will recall, the subject of discovery arose because plaintiff had served some discovery

1  prematurely, in advance of the early meeting of counsel required by Rule 26 of the Federal Rules
2  of Civil Procedure. As such, the parties reached an understanding that the discovery that had
3  been served was ineffective; this issue was discussed in the parties' joint CMC statement.

4      At the CMC, plaintiff's counsel argued that discovery should be freely allowed, and the
5  Court disagreed. The Court did <u>not</u>, however, "order" that "no discovery" was allowed prior to
6  the summary judgment motion hearing. Rather, the Court advised plaintiff's counsel that he
7  should first review the administrative record (which had just been provided to him) and that the
8  parties then should try to work out any differences they might have with regard to discovery, if
9  plaintiff continued to believe that discovery would be appropriate.[1]

10      Defendants object to the proposed "statement of proceedings" for the further reason that
11  the provisions of Fed. R. App. Pro. 10(c) do not appear applicable to failure of the Court to
12  reduce an alleged order to writing. Rather, it appears that 10(c) provides for a "statement of the
13  *evidence*" when there is no transcript. Plaintiff has not indicated whether she has tried to obtain a
14  transcript of the CMC, which would answer any question she might have. In any case, however,
15  Rule 10(c) applies to an absence of documentation regarding "evidence," and plaintiff's proposed
16  "statement of proceedings" has nothing to do with "evidence." Defendants contend that Rule
17  10(c) does not authorize creation of orders after the fact, when no order in fact was issued.

18      For the reasons set forth above, defendants object to plaintiff's characterization of the
19  proceedings held on October 5, 2007.

21  DATED: June 23, 2008    SEDGWICK, DETERT, MORAN & ARNOLD LLP

23  By: _____
    Rebecca A. Hull
24      Attorneys for Defendants
    Kaiser Foundation Health Plan, Inc., and Kaiser
25      Permanente Welfare Benefit Plan

---

[1] Plaintiff's summary judgment motion ultimately pointed to no issue on which discovery assertedly was needed. Her opposition to defendants' summary judgment motion, at page 4 n. 1, stated that the Court had "ordered that there be no discovery until after the summary judgment motions are heard" but went on to suggest that such discovery would be needed only <u>if</u> the Court wished to see "more evidence" regarding the alleged bias of the reviewing doctors.