**THE FLEISHMAN LAW FIRM**
Charles J Fleishman Bar# 46405
Paul A. Fleishman Bar# 251657
19839 Nordhoff Street
Northridge, CA 91324
Phone (818)350-6285, Fax (818)350-6272
erisa@erisarights.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE CHELLINO<br><br>  Plaintiff,<br><br>  vs.<br><br>KAISER FOUNDATION HEALTH PLAN, Inc a corporation; DOES 1 through 10, inclusive,<br><br>  Defendants. | NO. C07-3019 CRB<br><br>REQUEST TO FILE MATERIAL RESPONDING TO DEFENDANT'S STATEMENT OF RECENT DECISION<br><br>Date: February 5, 2010<br>Time: 10 a.m.<br>Courtroom 8<br><br>Judge Charles R. Breyer |

The Plaintiff requests Court approval, pursuant to Northern District Local Rule 7-3(d), to bring to the Court's attention the order granting plaintiff's fee motion of Judge Ilston in the case of <u>Volynskaya v. Epicentric</u> C04-0839 SI, attached hereto as Exhibit 2. In <u>Volynskaya</u> Charles J. Fleishman represented the plaintiff and was awarded fees by the same judge that limited the plaintiff's fees in the case that the defendant just called to the Court's attention.

Respectfully submitted,

/s/
Charles J. Fleishman
Attorney for Plaintiff

IT IS SO ORDERED
Judge Charles R. Breyer

1

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ILLIENA VOLYNSKAYA,

    Plaintiff,

v.

EPICENTRIC, INC. HEALTH & WELFARE PLAN, an ERISA plan,

    Defendant.

No. C 04-0839 SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO ALTER JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

On February 15, 2008, the Court heard argument on plaintiff's motion to alter or amend the judgment, and plaintiff's motion for attorneys' fees and costs. For the reasons set forth below, the Court hereby GRANTS in part plaintiff's motion to alter or amend the judgment, and GRANTS plaintiff's motion for attorneys' fees and costs.

### DISCUSSION

**I.    Plaintiff's motion to alter or amend judgment**

In an order filed October 16, 2007, the Court granted summary judgment in favor of plaintiff, and remanded this case to the plan administrator to determine plaintiff's eligibility for disability benefits after August 29, 2003. Plaintiff now moves to alter or amend this Court's judgment and summary judgment order so that defendant is required to pay plaintiff benefits from August 29, 2003 through the date of judgment. Defendant opposes the motion, but also argues that if the Court is inclined to award any retroactive benefits, those benefits should be awarded only until April 21, 2004, the date on which the Plan's definition of "disability" would have changed, and when plaintiff would have been required

to make a greater showing of disability.

Plaintiff cites numerous cases for the general proposition that "retroactive reinstatement of benefits is appropriate where 'but for the insurer's arbitrary and capricious conduct, the insured would have continued to receive the benefits' or where 'there [was] no evidence in the record to support a termination or denial of benefits.'" *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001) (*quoting Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 477 (7th Cir. 1998)). In *Grosz-Salomon*, the plaintiff received long-term disability benefits for four years until the plan terminated her benefits based upon two in-house medical "consultations" performed by doctors who did not examine the plaintiff. The district court granted summary judgment in favor of the plaintiff, and reinstated the plaintiff's benefits effective the date of termination.

The Ninth Circuit found that the district court did not abuse its discretion in fashioning the remedy. *Id.* at 1163. "Paul Revere did not misconstrue the definition of 'disabled,' or apply the wrong standard to evaluate Grosz-Salomon's claim. It applied the right standard, but came to the wrong conclusion." *Id.* The *Grosz-Salomon* court noted that cases in which a plan "possessed with discretion fails to make adequate findings or provide adequate reasoning should be remanded." *Id.* at n.44 (*citing Quinn*).

In *Quinn*, which was cited favorably by the *Grosz-Salomon* court, a plaintiff was approved to receive benefits for eight months under a long-term disability plan, and advised that at the end of the eight month period, her benefits would be terminated but that she could submit additional medical documentation in support of her claim. *Quinn*, 161 F.3d at 474. At the end of the eight month period, the plan found that the plaintiff was not disabled. The district court granted summary judgment in favor of Quinn, and ordered reinstatement of her benefits. The Seventh Circuit affirmed on the merits, but reversed the district court's reinstatement order. The court noted that Quinn was not scheduled to continue receiving benefits after the eight month period, but rather that Quinn's eligibility for benefits was to be reevaluated at the end of that period. "[The plan's] decision to deny Quinn's claim was arbitrary and capricious, but not necessarily wrong. . . . This is not a case where it is clear-cut that it was unreasonable for Calhoon to deny Quinn's benefits." *Id.* at 478.

Here, but for defendant's arbitrary and capricious decision to terminate plaintiff, she would have

received benefits until April 21, 2004, pursuant to the Plan's 24-month limitation for mental/nervous and neuromusculoskeletal disorders. At that time, plaintiff would have been reevaluated under a more stringent definition of disability. On the record before the Court, it is not "clear-cut" that plaintiff would be considered disabled under the post-24 month definition of disability.[1] None of the cases cited by plaintiff, in which courts have awarded full reinstatement of benefits through the date of judgment, address a situation like the instant case. Accordingly, the Court finds that it is appropriate to award plaintiff benefits through April 21, 2004, and to remand to the Plan for a determination of plaintiff's eligibility for benefits after April 21, 2004, consistent with this Court's summary judgment order.

## II. Plaintiff's motion for attorneys' fees

Plaintiff seeks an award of $74,900 in fees and $810.27 in costs. In support of the request, plaintiff's attorney has submitted a declaration describing his experience, including his expertise in the area of ERISA. *See generally* Fleishman Decl. Mr. Fleishman has also submitted his time records, as well as several declarations and court orders in support of his hourly rate. *See id.* at Ex. 1-5.[2]

Defendant opposes the fee motion on several grounds. First, defendant contends that the motion should be denied because plaintiff did not (and cannot) demonstrate her entitlement to fees under *Hummell v. S.E. Rykoff & Company*, 634 F.2d 446 (9th Cir. 1980). However, as plaintiff correctly notes, "where, as here, the fact that the plaintiff prevailed is evident from the order of the district court, it is unnecessary for the court to engage in a discussion of the factors enumerated in *Hummell*." *Grosz-Salomon*, 237 F.3d at 1164 (internal quotation and citation omitted); *see also Canseco v. Construction Laborers Pension Trust*, 93 F.3d 600, 609 (9th Cir. 1996) ("Ordinarily, if a plan participant or beneficiary prevails in an action to enforce his rights under the plan, recovery of attorney's fees is appropriate, absent special circumstances making an award unjust.").

---

[1] The Court is sympathetic to plaintiff's argument that the passage of time may make it difficult for plaintiff to show that she met the Plan's definition of "disability" during the 2004-2007 time period. However, the Court notes that plaintiff's medical documentation in 2003, and Dr. Targoff's report dated February 6, 2004, suggest that plaintiff did meet the more stringent definition.

[2] The Court overrules defendant's objection to the Elkin declaration. The rates charged by defense counsel in ERISA cases is relevant to, though not determinative of, the reasonableness of plaintiff's counsel's hourly rate.

3

Defendant also objects that a fee and cost award of this magnitude is "contrary to the sound public policies underlying ERISA to effectuate efficient administration of claims at minimal legal expense." Opposition at 2. While this is an important policy, it is equally if not more important to encourage insurance companies to fulfill their fiduciary obligations to plan participants.

Defendant also objects that the fees sought are not reasonable. The Court disagrees, and finds that plaintiff's counsel has provided ample support both for the reasonableness of his rate, as well as the time spent on this protracted litigation, which proceeded through district court, to reversal after appeal and back to trial court litigation and resolution. The Court notes that plaintiff's counsel's briefing and oral advocacy have been consistently of high quality. Defendant's contention that the Court should exclude all work completed prior to the Ninth Circuit's remand ignores the realities of litigation. *See Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991) (holding, in a civil rights case, that "a plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage").

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part plaintiff's motion to alter or amend the judgment, and GRANTS plaintiff's motion for attorneys' fees of $74,900 and costs of $810.27. (Docket Nos. 55 and 56).

**IT IS SO ORDERED.**

Dated: February 20, 2008

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLIENA VOLYNSKAYA, | No. C 04-0839 SI |
| Plaintiff, | **AMENDED JUDGMENT** |
| v. | |
| EPICENTRIC, INC. HEALTH & WELFARE PLAN, an ERISA plan, | |
| Defendant. | |

The Court has granted summary judgment in favor of plaintiff. Defendant is ordered to pay plaintiff benefits from August 28, 2003 through April 21, 2004, and the action is remanded to the plan administrator to make determinations in accordance with this Court's October 16, 2007 and February 20, 2008 orders. Defendant is ordered to pay plaintiff $74,900 in fees and $810.27 in costs.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: February 20, 2008

SUSAN ILLSTON
United States District Judge